UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDA ALLEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:17 CV 770 RWS |
| ) | |
| C.R. BARD, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case was originally filed in this Court in 2017 and transferred to the District of Arizona for inclusion in the multidistrict litigation proceeding known as the In Re: Bard IVC Filters Products Liability Litigation, MDL Docket No. 2641. It has now been remanded by the Judicial Panel on Multidistrict Litigation and is before the Court on its review of the file in anticipation of the status conference set for Thursday, October 24, 2019. After reviewing the submission of the parties and the pleadings in this case, the Court concludes that a scheduling conference is premature in light of the issues discussed herein and will accordingly vacate the scheduling conference.

Defendants (neither of which are Missouri citizens) have indicated their intention to challenge this Court's personal jurisdiction over them and the propriety of venue with respect to claims brought by certain of the plaintiffs. Indeed, such a motion appears to be well-taken as plaintiffs' allegations regarding personal jurisdiction, as well as the joinder of non-Missouri plaintiffs without an apparent connection to this forum, appear woefully insufficient in light of the United States Supreme Court's more recent pronouncements concerning personal jurisdiction. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549 (2017), and *Bristol-Myers Squibb Co.*

*v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017).  Although plaintiffs portend the need for "jurisdictional discovery" if motions to dismiss are filed in this case, it is difficult for the Court to determine the utility of jurisdictional discovery given *Bristol-Myers Squibb* and its application to this case.

A review of the file reveals that only two remaining plaintiffs, Michelle Draper and Linda Finney, are alleged to be Missouri citizens.  The remaining plaintiffs are not alleged to have any connection with this forum, nor is any of defendants' alleged conduct within this forum alleged to have caused their injuries.  Of course, even if this Court lacks personal jurisdiction over the non-Missouri plaintiffs, it may transfer their action to other district courts where personal jurisdiction may be had.  The days of unrelated plaintiffs with no connection to a forum state suing out-of-state defendants for personal injuries in a state simply because defendants advertise or sell the product nationwide are over.  There must be a connection between that forum, the defendant's activities there, and the injury to that particular plaintiff for the Court to exercise personal jurisdiction over the defendant consistent with constitutional mandates. *See Bristol-Myers Squibb,* 137 S. Ct. at 1781.

In the interests of justice, and to reduce the costs of litigation, the Court will afford the non-Missouri plaintiffs the opportunity to review their complaint and request transfer to other district courts where venue and personal jurisdiction may be had over defendants.  If plaintiffs are unwilling or unable to request transfer, then the Court will enter future orders as necessary with respect to the briefing of defendants' anticipated motions to dismiss and/or transfer venue.  However, the Court strongly suggests that the parties avoid the unnecessary delay and expense associated with these jurisdictional issues and agree to the appropriate forum for resolution of each of the remaining plaintiffs' claims.

Accordingly,

**IT IS HEREBY ORDERED** that **the status conference set for October 24, 2019 is vacated.**

**IT IS FURTHER ORDERED** that, by **November 15, 2019**, plaintiffs shall notify the Court of their intention to proceed in this forum or request transfer(s) to other district court(s). If plaintiffs elect to proceed in this forum, then they should file **in this Court with this case caption** their operative complaint by that same date, if the operative complaint is one other than that currently filed as Document # 1 in this case.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2019.